UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| MARCHELLO DION JEFFERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | CIVIL ACTION |
| | ) | NO. 12-12381-RWZ |
| J. GRONDOLSKY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PROCEDURAL ORDER

December 4, 2013

For the reasons stated below, plaintiff is informed that this action will be subject to dismissal 28 days after the date of this order pursuant to Federal Rule of Civil Procedure 41(b) for lack of diligent prosecution unless, prior to that date, the plaintiff files a statement showing that good cause exists for the court to retain this case on the docket.

### Facts

The plaintiff, Marchello Dion Jefferson, commenced this prisoner civil rights action by filing a complaint on December 17, 2012; however, he failed to pay the filing fee or to seek a waiver thereof.  On January 11, 2013, this court entered a procedural order (Docket No. 5) granting the plaintiff an extension to either pay the filing fee or file an application to proceed *in forma pauperis*.  The plaintiff responded on January 22, 2013 by filing a motion for leave to proceed *in forma pauperis* (Docket No. 7), which

was allowed by the court on January 24, 2013.  Summonses were issued, the defendants were served, and their answers were due on or around March 12, 2013.

On April 2, 2013, three weeks after the defendants' answers were due, this court entered a procedural order (Docket No. 13) ordering the plaintiff to (a) notify the defendants that they were required to make an appearance or move for an extension of time to do so, (b) file requests for default, or (c) advise the court in writing of any good cause why these directions should not be carried out.  This order, like all previous communications with the plaintiff, was mailed to the plaintiff at FMC-Devens in Ayer, Massachusetts.  On April 10, 2013, the order was returned by the Postal Service as undeliverable and unable to forward.

In an effort to obtain plaintiff's current address, a clerk of this court contacted the Bureau of Prisons and learned that the plaintiff had been transferred to FCI-Sandstone in Minnesota.  The procedural order was then mailed to the plaintiff at FCI-Sandstone, and the plaintiff's response was to be filed by April 24, 2013.  No response has been received to date.

On May 21, 2013, the plaintiff called the court and informed a clerk that he was no longer at FCI-Sandstone, and he provided a new mailing address in Robbinsdale, Minnesota, a private address.  On September 11, 2013, the court entered another procedural order (Docket No. 17) regarding the plaintiff's failure to prosecute this action and mailed it to the plaintiff at the address he had provided in Robbinsdale, Minnesota.  Once again, the order was returned by the Postal Service as undeliverable and unable to

forward.  To date, the plaintiff has not informed the court of his current mailing address, has not communicated with the court since his telephone call on May 21, 2013 (more than 6 months ago), and has failed to prosecute this action.

### Analysis

Local Rule 83.5.2(e) requires a party appearing *pro se* to notify the clerk of any change of address and provides that any party appearing *pro se* who has not provided the court with a current address "shall not be entitled to notice."

"A district court, as part of its inherent power to manage its own docket, may dismiss a case *sua sponte* for any of the reasons prescribed in Fed. R. Civ. P. 41(b)." Cintron-Lorenzo v. Departamento de Asuntos del Consumidor, 312 F.3d 522, 525-526 (1st Cir. 2002) (citing Link v. Wabash R.R. Co., 370 U.S. 626, 629-31, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962)).  Lack of diligent prosecution and non-compliance with court orders are reasons meriting dismissal under Federal Rule of Civil Procedure 41(b). The fact that the plaintiff has not kept the court advised of his current address suggests that he may have lost interest in pursuing the claims asserted in his complaint.  The court is not required to delay disposition in this case until such time as plaintiff decides to comply with the requirement of providing his current address or responding to court orders.

Accordingly this action is subject to dismissal for want of prosecution and non-compliance with court orders pursuant to Federal Rule of Civil Procedure 41(b).

## **Conclusion**

Based upon the foregoing, this action shall be subject to dismissal without prejudice 28 days from the date of this Order unless plaintiff demonstrates good cause, in writing, why this action should not be dismissed for want of diligent prosecution. A copy of this order will be mailed to the plaintiff at the address shown on the docket sheet.

SO ORDERED.

    / s / Judith Gail Dein
Judith Gail Dein
U.S. Magistrate Judge